Chief Justice Sharkey
delivered the opinion of the court.
This was an action of ejectment for sixty-four acres of land, being part of Section No. 10, in Township No. 1, of Range 6, west. Brown, the plaintiff below, introduced a patent from the United States, for the land in question, dated 26th of April, 1843. The patent is not set out, nor is there anything to show the date of the entry on which it was made. To overreach this title, the defendant introduced a receipt from the receiver of public money at Augusta, which is for the purchase-money for the same land, dated 20th March, 1841, and was given to-Mathew Dickinson, in connection with which a quitclaim deed from Matthew Dickinson’s heirs to the defendant, seems to have been offered. As rebutting evidence, the plaintiff then offered the certificate of entry given by the register on the above named receipt of the receiver, to Matthew Dickinson. The entry seems to have been made under the preemption law, and across the face of the certificate is the word “cancelled.” To this is attached the certificate of the commissioner of the general land office, that it is a true and literal exemplification from the original on file in his office. To the introduction of this the defendant objected, but it was admitted. To prove that the cancellation was unauthorized by law, the defendant offered to introduce a correspondence between the land officers of this state and the commissioner of the general land office, in relation to Dickinson’s right of preemption. The commissioner determined that it was good, and ordered the entry to be allowed, which was done. Brown being, as it would seem, interested, objected to the legality of the entry, and on his objection a further correspondence took place between the land officers and the commissioner, which resulted in an order to have testimony taken in regard to Dickinson’s right, which was done, the result of which was that the register and receiver decided against Dickinson’s right, and communicated their decision to the commissioner, who approved it, cancelled the certificate, and directed the purchase-money to be refunded. This evidence was excluded by the court, because it did not prove that the certificate was cancelled contrary to law. The defendant *136 then offered to prove that the plaintiff’s patent was procured by fraud, and the correspondence and decision cancelling the certificate of entry, were offered as the first step towards such fact; but, having been read to the jury, they were withdrawn from them. A verdict was found for the plaintiff, and the defendant moved for a new trial, and filed two affidavits, which, however, need not be noticed, as they give no support to the motion. The errors assigned relate to the admission of the cancelled certificate, and to the rejection of the correspondence •which led to the cancellation of the certificate.
The plaintiff’s patent was a legal title, sufficient to justify a recovery, without further or additional proof. The title set up by the defendant, was the certificate of the receiver of public moneys, which was not in strictness even an entry; it was but an authority to enter. The entry is made with the register, who gives a certificate. But suppose this receipt is to be regarded as an entry, then, as against the government it constituted but an equity. A court of chancery may give preference to a prior entry with a junior patent, because the equities alone are involved. But it is insisted that our statute makes the certificate of the receiver a legal title. It makes “ all certificates issued in pursuance of any act of congress, by any board of commissioners, register of a land office, or any other person or persons duly authorized to issue such certificate, founded on Any warrant, or order of survey, or in right of any donation, preemption, or purchase from the United States, for any lands,” &c., a legal title, so far as to enable the holder to maintain an action' thereon, and admissible in evidence as such. This statute makes the certificate but a substitute for a better title. It does not profess to place it on an equal footing with a patent. The public lands belong to the United States, and congress have declared what shall be the complete legal title. When that legal title passes it must be intrinsically superior to a mere entry. The state cannot say what mode the government shall pursue in passing title. The certificate then was the inferior title.
But admitting that it constituted a legal title, it was in proof *137 that the certificate of entry had been cancelled, and we cannot say that the register and receiver, with the approbation of the commissioner of the general land-office, had no power to cancel it; on the contrary, it is believed that such power is uniformly exercised. To a certain extent these officers have a discretion in such matters. They are empowered to hear and decide on an application for a preemption right. As against the government, the certificate was but an incipient or inchoate title; the officers discovered that it had been improvidently issued, and cancelled it, and issued a complete legal title to another; and refunded, or offered to refund, the money paid; and it was competent for the plaintiff to prove this statement of facts.
In the next place this correspondence was offered by the defendant to prove that his certificate had been cancelled improperly, and that the plaintiff’s patent was obtained by fraud. If the facts disclosed by the correspondence be true, they prove the very reverse of this; they prove that the certificate of entry was procured improperly, and .properly cancelled; or at least the facts were regarded as establishing that state of case. It certainly does not prove fraud, and the court was right in deciding that it was inadmissible for that purpose. We see no ground, therefore, for reversing the judgment.
Judgment affirmed.